The question presented in this case that was certified by the District Court is whether or not Mr. Meeks can challenge his sentence under Deschal under the escape clause of section 2255e and ultimately section 2241. I think at the outset one thing that I could note is I think both the government and Mr. Meeks, or I'll say the government myself, are in agreement that this case should probably be sent back to the Fourth Circuit where Mr. Meeks is in custody. So help me with this issue. I know the government's in agreement, but when I looked at Hernandez and Muth, they indicated that the District Court has a duty to address the 2241 issue in the first instance regardless of whether it's the custodial court or the sentencing court. And then in Muth, we just went ahead and considered the 2241 issue, whether it was correct on appeal, even though that was from the Minnesota court, which was the custodial court. So don't we under our precedent have an obligation to make a determination whether the 2241 determination was correct or not? In Muth, I was the attorney. I represented Mr. Muth, and I don't remember if this came up, but if memory serves me correctly, he started out in Minnesota. Minnesota rejected it. It was sent back here to Montana to Billings. It was rejected, came up on appeal, and during that period of time he was moved to Sheridan, Oregon. And so I think at that point, the Ninth Circuit was the custodial district. But we didn't say that. You didn't address that. Right. So we said, look, the Minnesota court said no 2241 and moved it over to, I guess, Montana. And we just said under our precedent, we should just consider this 2241 issue on appeal. And we said, yes, the Minnesota court was correct. So why don't we have an obligation to do the same thing here? The district court said no 2241 claim, and shouldn't we consider whether it's correct or not? And I guess the other way that I kind of read Muth and the way I understood the way the court ruled in Muth was the court, to my chagrin, found his claim to be utterly meriless, I think. And I think that's what it kind of boiled down to, is that the court in Muth decided there's no reasonable jurist that would rule in his favor on this issue. He admitted during the plea colloquy, I can't remember all the specifics, but that he violated Section 924C. And so the court- Just no plausible showing. Right, just no plausible showing. So here, that was my second question for you. Why do we have a plausible showing here when there's nothing in the record showing why under De Camp there was a problem with his prior sentences? We don't have any information in the record about that. So haven't you failed to make a plausible showing here as well? As I looked through all of those records, Mr. Meek's original counsel took issue with two of the predicates, the 1965 conviction and the 1971 conviction. As I look at it, I think that the larger problem is with the 1965 predicate. And the problem there is, one, I think that there was a de jure error. Now, in one aspect, that de jure error may be somewhat harmless. But the court did take into consideration all these prison records and things like that. Is that in the briefs or the records? Because when I looked through, I didn't see anything explaining to me why the court had erred in saying it was a divisible statute, if that, in fact, is the claim. So I didn't see even what the statute was or what the records were or anything like that in your brief or records. Did I overlook it? Well, I was trying to get all of the records in my brief, and the government ended up submitting them in their supplemental excerpts of records. But with respect to that 1965 conviction, I think that the larger problem was is that the information charged him with second-degree burglary, which definitely meets Taylor's definition of a generic burglary. There was no plea colloquy in the record. And ultimately, when the judgment came out, he was found guilty just solely of burglary. And the state of Missouri has a number of different burglary statutes, some of which are not generic burglary. And the facts of the case indicated that he wasn't guilty of second-degree burglary. I think that the first one was the burglary involved stealing some beer and $49 out of a gas station. The second-degree burglary statute involved burglary of a dwelling house. And so it doesn't appear from the record that he violated that statute. And so when he's charged in that fashion in the information, but the facts don't really support it, and then the judgment only says that he's found guilty of burglary and not what burglary, I think that's where the problem lies. Mr. Ness, I don't want to interrupt you if you're not done with answering Judge Ikuda, but I have a slightly different issue on which I'd like some thought, and that's this. There is a circuit split, right, between the 4th and, say, the 7th and 11th, as to whether the actual innocence that opens the door to the 2241 under the escape hatch has to mean total factual innocence on the one hand, or can cover something like where a guy is sentenced beyond the legal sentence. Innocent of ACCA, for example. Pardon me? Innocent of ACCA, for example. Right. Right. Now, the 4th Circuit's on the side of a more extensive innocence than the sentence problem here, I think. So one of the things I wanted to ask you to address is this. If we accept the 7th Circuit view and we say that there's an argument that he's innocent sufficiently because of the sentence to get the door opened for 2241, and if we feel that the merits of that claim are something we don't have jurisdiction of because we're not the custodial court and we'd have to send it to a district court in the 4th Circuit, even though what we say is the law of the case. The law of the case can be disregarded if someone thinks it's clearly error. And why wouldn't the district court in South Carolina be bound to say we're clearly wrong because it has to follow the 4th Circuit? In other words, why wouldn't a district court receiving this in South Carolina have to say it should have been dismissed? You're out of time, but we'll let you have some extra time. I guess my understanding, and I probably should have filed a 28J letter, but there's a brand new case out of the 4th Circuit, Surratt, I believe it's called, and that involves someone who maintained his innocence of a statutory maximum of life sentence that was imposed. And he was arguing that under 4th Circuit law he was innocent of that sentence. And I think what the 4th Circuit said in Surratt is they rejected his claim, but they held open the question of whether or not someone can be factually innocent of a sentence based upon Supreme Court case law. And, of course, Deshaw's Supreme Court case law, so I think it's an open question. You think it's an open question of the 4th Circuit, so it wouldn't be a futile thing for us to send a case there? That's what I believe, yes, Your Honor.  Thank you, Judge. Ms. Stewart. Good morning. Paulette Stewart for the United States of America. I'm out of the Helena office. The issue in this case is whether Mr. Meeks can proceed with his decamp claim under 2241. And I guess Mr. Ness covered it. Both the government and Mr. Ness agree that this really should be heard or, I guess, dealt with on the merits in the 4th Circuit. And for the Court's information, I looked up Mr. Meeks' place of incarceration to verify he was still in South Carolina this weekend. They have actually moved him to North Carolina, still within the 4th Circuit, but just a different district as far as that's concerned. So I wanted to update you on that. What do we do with Fernandez and Moot, which seem to indicate that whichever district court gets it first should make the decision, and then we have appeal from that? Well, I think that we, I guess, we can look at that. And we, obviously, we're in front of this court because this is where Mr. Meeks initially filed the paperwork. The district court denied what appeared to be a successive 2255 because it hadn't sought permission with this court first. So then the question is, can Meeks, I guess, proceed under a decamp claim? And I guess, obviously, we have a different take regarding the decamp claim because this court has already looked at, back in 2006, at the 1965 and the 1971 convictions and found that both of those convictions were generic burglaries as prescribed by Taylor. Well, right, but now we have decamp. That decision was pre-decamp. And so the question, it didn't seem to me there was enough in the record for us even to do that analysis. Is there the opposing counsel says that you had provided the underlying records in the supplemental briefing? Yes. Yes, Your Honor. And the government did. Actually, that's what mostly comprises the supplemental excerpts of record and basically we provided the, and it's S.E.R. 67 through 218. That is the complete sentencing transcript where the district court reviewed the Shepard documents. It's also then the record of exhibits from that sentencing hearing, which includes the statutes that were pertinent at the time, both in 6571 and 82, which 82 has never really been challenged. It's got the statutes that were effective in 65 and 71, as well as the court documents from the courts of conviction back in Missouri. So if you could write an order or opinion for us here, what would you have us say? 2241 can be brought under the Ninth Circuit precedent, but the case has to be transferred to the district court in South Carolina. That seems to be the most, I guess, the correct thing. Not that obviously when the party agrees it means it's correct, but I guess going through everything, that seems to be the most logical or just resolution in this case. Okay. Well, thank you. If there are no further questions, I will sit down. I don't think I have any, Judge Goodwin. Thank you. Thank you, Ms. Stewart. I don't think I have any further rebuttal unless the court has any questions. I don't think so. I want to thank both of you for traveling so far to visit us today. Thank you very much. The United States v. Meeks shall be submitted.
judges: Goodwin, Gould, Ikuta